**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

PATAGONIA HEALTH, INC.,

  Plaintiff,

v.

iTECH WORKSHOP PRIVATE LIMITED,

  Defendant.

Case No. 1:26-cv-05078-KPF

**AGREED PRELIMINARY
INJUNCTION AND
<u>ORDER</u>**

Plaintiff Patagonia Health, Inc. ("Plaintiff" or "Patagonia") and Defendant iTech Workshop Private Limited stipulate and agree to the following Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, as set forth below:

1. Defendant iTech Workshop Private Limited, d/b/a expEDIum ("iTech"), is a corporation formed under the laws of India, with its principal office at #26A, 2nd–4th Floor, Patel Rama Reddy Road, KR Layout, Domlur, Bangalore 560071, India.

2. Plaintiff Patagonia Health, Inc. ("Patagonia") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 15100 Weston Parkway, Suite 204, Cary, North Carolina 27513.

3. iTech and Patagonia entered into a Software License, Support and Revenue Sharing Agreement, effective as of October 1, 2011 (the "License Agreement"), which licensed the expEDIum Medical Billing software, and any upgrades thereto, (the "eMB Software" or "Licensed Software") to Patagonia.

4. This action was instituted upon Plaintiff's filing of the Verified Complaint on June 3, 2026 and Motion for Temporary Restraining Order or, in the Alternative, Preliminary Injunction (the "Motion") on June 5, 2026 seeking injunctive relief to prevent Defendant from directly or

indirectly restricting, suspending, or terminating Patagonia's access to the expEDIum Medical Billing software (the "Licensed Software"). The Verified Complaint was removed to this Court.

5.      This Court has jurisdiction over the parties and the subject matter of this action.

6.      The Parties have reached an agreement concerning the following scope of preliminary relief.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant and all those acting in concert or participation with Defendant are hereby restrained from, directly or indirectly:

1. revoking, restricting, suspending, terminating or otherwise interfering with Patagonia's access to and use of the Licensed Software under the parties' License Agreement;

2. discontinuing, restricting, adversely impacting, degrading, or diminishing iTech's maintenance services under Section 8.5 of the License Agreement without first providing the contractually required notice prior to the same;

3. degrading the functionality, availability, or performance of the Licensed Software below the levels required under the License Agreement or otherwise inconsistent with past practices consistently applied between the parties; and

4. intentionally interfering with Patagonia's access to or use of the Licensed Software, or the provision of the same to Patagonia's customers, in a manner constituting material breach under the License Agreement.

Notwithstanding the foregoing, iTech shall not be deemed to be in violation of paragraphs (1) through (4) above to the extent that any interruption, restriction, degradation, or non-performance results from a condition beyond iTech's control, as set forth in Section 10.5 of the License

Agreement; provided that: (a) iTech promptly notifies Patagonia in writing upon becoming aware of any such condition and its anticipated impact on the Licensed Software; and (b) iTech uses commercially reasonable efforts to restore performance and to mitigate the impact on Patagonia; nothing herein is intended to modify the obligations of Section 4.2 of the License Agreement.

The injunctive provisions of this Order shall be binding on the Defendant, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile, email, or otherwise insofar as he or she is acting in active concert or participation with the Defendant.

The parties have mutually consented to entry of this Order by agreement. Accordingly, no security bond shall be required of either party pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

In light of the parties' agreement to entry of this Order, Plaintiff's Motion for Temporary Restraining Order is hereby withdrawn as moot.

This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**SO ORDERED.**

Signed and entered on June 24, 2026.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: June 24, 2026                    Respectfully Submitted,

**KING & SPALDING LLP**

3

/s/ *Laura Harris*

Laura Harris
SDNY Bar No. LH5013
1290 6th Ave 14th floor
New York, NY 10104
(212) 790-5360
lharris@kslaw.com

*Attorney for Plaintiff Patagonia Health, Inc.*

Dated: June 24, 2026                                   **WIGGIN AND DANA LLP**

/s/ Jolie Apicella
Jolie Apicella
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 551-2844
japicella@wiggin.com

*Attorney for Defendant iTech Workshop Private Limited*

## CERTIFICATE OF SERVICE

I certify that on the date of this filing, all counsel of record were served with a copy of this document.

Dated: June 24, 2026

**KING & SPALDING LLP**

/s/ *Laura Harris*
Laura Harris
SDNY Bar No. LH5013
1290 6th Ave 14th floor
New York, NY 10104
(212) 790-5360
lharris@kslaw.com

*Attorney for Plaintiff Patagonia Health, Inc.*


Dated: June 24, 2026

**WIGGIN AND DANA LLP**

/s/ Jolie Apicella
Jolie Apicella
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 551-2844
japicella@wiggin.com

*Attorney for Defendant iTech Workshop Private
Limited*